Sergei **KORNEITCHOUK**, Petitioner,

v.

Alberto **GONZALES**, United States Attorney General, Edward McElroy, District Director, INS Respondents.

No. 02–4462.

United States Court of Appeals, Second Circuit.

April 15, 2005.

Roberto Tschudin Lucheme, Glastonbury, CT, for Petitioner.

F. Franklin Amanat, Assistant United States Attorney for the Eastern District of New York (Roslynn R. Mauskopf, United States Attorney; Steven Kim, Assistant United States Attorney), Brooklyn, NY, for Respondents, of counsel.

PRESENT: Hon. WILFRED FEINBERG, Hon. ROBERT D. SACK, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

The petitioner was born in what is now Ukraine. He moved to what is now Russia as a very young child. He is of the Greek Catholic faith. He sought asylum after coming to the United States in 1991, and is claiming that he had been and would continue to be persecuted in Russia based on his national origin and religion. His wife came to the United States in 1992; her application was derivative of her husband's. Korneitchouk petitions for a review of the Bureau of Immigration Affairs' decision of August 9, 2002, affirming the April 26, 1999 order of the Immigration Judge (IJ) denying the Korneitchouks' applications for asylum, withholding of removal, and voluntary departure, and ordering their removal to Ukraine. His wife has not petitioned this Court for review in her own right.

In his petition to this Court, Korneitchouk argues (1) that Ukraine is an inappropriate choice for removal; (2) that the IJ erred in requiring corroboration for the Korneitchouks' testimony despite finding them to be credible; and (3) that Korneitchouk has a well-founded fear of persecution if returned to either Russia or Ukraine.

We note at the outset that, because the BIA summarily affirmed the IJ's lengthy decision, "it is appropriate ... to review the decision of the IJ directly." *Secaida–Rosales v. I.N.S.,* 331 F.3d 297, 305 (2d Cir.2003). We review factual findings in a BIA, or IJ, decision under the "substantial evidence" standard, according to which "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a

whole." *Id.* at 307 (quoting *Diallo v. I.N.S.,* 232 F.3d 279, 287 (2d Cir.2000)). Thus, a BIA decision will "be reversed only if the evidence presented ... was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." *I.N.S. v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). However, "if the issue on appeal involves the proper application of legal principles to the facts and circumstances of the individual case at hand, [we review] *de novo." Secaida–Rosales,* 331 F.3d at 307.

■ In the absence of any designation of a removal country by petitioner, and in light of petitioner's claim that he was "stateless," the government's designation of Ukraine, where the petitioner was born, as the country for removal was appropriate. *See* 8 U.S.C § 1231(b)(2)(E)(vi) (an alien may be removed to the "country in which the alien's birthplace is located when the alien is ordered removed"). Korneitchouk need not be recognized as a citizen of Ukraine to make removal to that country appropriate. *See Jama v. Immigration and Customs Enforcement,* — U.S. —, — – —, 125 S.Ct. 694, 699–700, 160 L.Ed.2d 708 (2005) (discussing hierarchy of removal countries under 8 U.S.C § 1231(b), where country of citizenship is a different category from country of birth). Furthermore, we need not consider the fact that Korneitchouk's wife was not born in Ukraine and has not lived there, inasmuch as her claim for asylum was derivative of her husband's and she has not petitioned the court for review.

■ Upon a thorough review of the record and relevant law, we agree with the IJ's determination that there was insufficient evidence to support a finding of either past persecution or a well-founded fear of future persecution, based on Korneitchouk's national origin or religion, in Russia or Ukraine. To be eligible for asylum, an applicant must first establish that he is a "refugee" as defined in 8 U.S.C. § 1101(a)(42), i.e., a person who is unable or unwilling to return to his or her native country "because of [past] persecution or a well-founded fear of [future] persecution on account of race, religion, nationality, membership in a particular social group, or political opinion," *id. See* 8 C.F.R. § 208.13(a); *see also Diallo,* 232 F.3d at 284. Korneitchouk's claims regarding past incidents in Russia do not rise above harassment to the level of persecution, because they did not involve sufficiently extreme behavior, such as significant violence or physical abuse, *see Tian–Yong Chen v. I.N.S.,* 359 F.3d 121, 128 (2d Cir.2004), or "economic restrictions so severe that they constitute a threat to life or freedom," *Fatin v. I.N.S.,* 12 F.3d 1233, 1240 & n. 10 (3d Cir.1993).

In addition, there is little evidence in the record regarding the causal connection between some of the principal incidents about which Korneitchouk complains— such as Korneitchouk's military re-assignment and the imposition of a heavy punishment for his knowing violation of the law— and Korneitchouk's national origin or religion; much of the Korneitchouks' testimony in that regard was speculative. The fact that the IJ found the Korneitchouks to be credible witnesses overall—despite noting that their testimony was in many instances "inconsistent, vague, and somewhat implausible"—did not mandate a finding that Korneitchouk had sustained his burden of proof as to past or future persecution. It is true that "the testimony of the applicant, if credible, *may* be sufficient to sustain the burden of proof without corroboration." 8 C.F.R. § 208.13(a) (emphasis added); *see also Zhou Yun Zhang v. I.N.S.,* 386 F.3d 66, 71 (2d. Cir. 2004); *Diallo,* 232 F.3d at 285–86. However, even a credible applicant may be required to provide reasonably available

corroborating evidence, or at least explain why he or she has failed to do so. *Zhang,* 386 F.3d at 71; *Qiu v. Ashcroft,* 329 F.3d 140, 153 (2d Cir.2003); *Diallo,* 232 F.3d at 285–86. Even assuming that the alleged events that Korneitchouk described did in fact happen, he did not provide sufficient evidence that those events constituted past persecution based on his national origin or religion.

In order to show a well-founded fear of future persecution, an asylum applicant must prove that he or she actually fears persecution and that the fear is reasonable. *See Abankwah v. I.N.S.,* 185 F.3d 18, 22 (2d Cir.1999); *Gomez v. I.N.S.,* 947 F.2d 660, 663 (2d Cir.1991). Because Korneitchouk did not show past persecution, no presumption of a well-founded fear of future persecution arose as to Russia. *See Qiu,* 329 F.3d at 148 (past persecution gives rise to rebuttable presumption of future persecution); *Tamas–Mercea v. Reno,* 222 F.3d 417, 426 (7th Cir.2000) (past actions that do not count as persecution cannot be the basis for future fears). No evidence was submitted to support Korneitchouk's contention that he would be subject to difficulties because of his national origin or religion. Thus, Korneitchouk did not demonstrate a well-founded fear of future persecution in Russia— which in any event would be of questionable relevance here insofar as Kourneitchouk has been ordered removed to Ukraine.

As for Ukraine, Korneitchouk of course did not advance any claims of past persecution in that country because he left it when he was three years old. Regarding his fears of future persecution in Ukraine, based on what he refers to as his perceived Russian national origin, he did not submit any evidence regarding the government's involvement in, or inability to provide protection from, such anticipated harm, as is required for conduct to constitute persecu-

tion. *See, e.g., Sotelo–Aquije v. Slattery,* 17 F.3d 33, 37 (2d Cir.1994). And any claim that Korneitchouk would be subject to persecution in Ukraine due to his religion is belied by the Korneitchouks' own testimony as well as State Department reports. Finally, Korneitchouk's general concerns regarding economic and social challenges if removed to Ukraine do not rise to the level of persecution. *See Saballo–Cortez v. I.N.S.,* 761 F.2d 1259, 1264 (9th Cir.1985); *Raass v. I.N.S.,* 692 F.2d 596, 596 (9th Cir.1982). Thus, the IJ correctly found that Korneitchouk failed to show a well-founded fear of future persecution in Ukraine.

For the foregoing reasons, the petition for review of the order of the Board of Immigration Appeals is hereby DENIED.